FILED
United States Court of Appeals
Tenth Circuit

December 2, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

OLOYEA D. WALLIN,

       Petitioner-Appellant,

v.

KEVIN R. ESTEP, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

       Respondents-Appellees.

No. 11-1129
(D.C. No. 1:10-CV-00598-ZLW)
(D. Colo.)

**ORDER GRANTING PANEL REHEARING**

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

This matter is before the court on Mr. Wallin's "Petition for Panel Rehearing and Petition for Rehearing En Banc."

Mr. Wallin's petition for panel rehearing is granted in part. We have determined that our order dated August 23, 2011 should be amended. A copy of that amended order is attached. The Clerk of the Court is directed to file the amendment forthwith.

The petition for rehearing en banc was circulated to all the active judges of the court. No active judge or member of the panel called for a poll. Accordingly,

the request for rehearing en banc is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

OLOYEA D. WALLIN,

        Petitioner-Appellant,

v.

KEVIN R. ESTEP, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents-Appellees.

No. 11-1129
(D.C. No. 1:10-CV-00598-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

In 2001, a Colorado state court convicted Oloyea D. Wallin of felony

menacing. In 2010, Mr. Wallin filed a petition in federal court seeking relief

from this conviction pursuant to 28 U.S.C. § 2254. The district court ruled that

the petition was barred by the one year limitations period set forth under 28

U.S.C. § 2244(d). Alternatively, the district court held, the petition was

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

procedurally barred by Mr. Wallin's failure to exhaust certain state remedies available to him.

Mr. Wallin did not immediately appeal this ruling. Instead, he filed a motion seeking reconsideration of the court's dismissal. Properly construing Mr. Wallin's motion as one under Fed. R. Civ. P. 60(b), the district court denied that motion, explaining that Mr. Wallin "failed to assert any extraordinary circumstances that would merit relief under Rule 60(b)." ROA at 321.

Mr. Wallin now seeks a certificate of appealability ("COA") to appeal both the dismissal of his § 2254 petition and the denial of his Rule 60(b) motion. However, because Mr. Wallin failed to file timely a notice of appeal with regard to his § 2254 petition and did not seek or receive any extension of time under Fed. R. App. P. 4(a)(6), we are limited to consideration of the district court's denial of his Rule 60(b) motion. And even here, we may grant a COA only if Mr. Wallin makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Mr. Wallin must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

This Mr. Wallin has not done. Viewing his pro se pleadings charitably, they still fail to give us any reason to think that the district court should have

granted a Rule 60(b) motion to reconsider its conclusion that his § 2254 petition was procedurally defaulted. The record shows that, at the very least, Mr. Wallin abandoned his original post-conviction claims of prosecutorial misconduct and ineffective assistance of counsel as part of a post-conviction agreement with the government and so defaulted these claims under state law. Mr. Wallin's later post-conviction claims were denied as successive by the Colorado courts. *See* Colo. R. Crim. P. 35 (2003); Colo. R. Crim. P. 35(c)(3)(VII).

Mr. Wallin's application for a COA and his motion for leave to proceed *in forma pauperis* are denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge